UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Lightning Technologies, Inc.,     Case No. 21-41019
    Chapter 7
    Honorable Thomas J. Tucker

    Debtor.
_____/

Karen E. Evangelista, Chapter 7 Trustee,     Adv. Proc. No. 23-_____

    Plaintiff,
v.

Ryder Investments, LLC, and
Gerar Jamal

    Defendants.
_____/

# COMPLAINT

Karen E. Evangelista ("Plaintiff" or "Trustee"), in her capacity as Chapter 7 Trustee for the Bankruptcy Estate of Lightning Technologies, Inc., through her counsel, the Taunt Law Firm, and for her Complaint against Defendants Ryder Investments, LLC and Gerar Jamal (the "Defendants"), states as follows:

## Jurisdiction, Venue, and Parties

1. The United States District Court for the Eastern District of Michigan has jurisdiction of this case pursuant to 28 U.S.C. §1334 and is the proper venue for this case pursuant to 28 U.S.C. §1409.

2. Pursuant to L.R. 83.50 (E.D. MI), the U.S. District Court for the Eastern District of Michigan has referred this case to this Bankruptcy Court for adjudication.

3. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(H) and/or (O) for which the Court has authority to enter a final judgment.

4. As required by Fed. R. Bankr. P. 7008, Plaintiff consents to the entry of final orders and judgments in this case by this Bankruptcy Court.

5. Plaintiff is the duly appointed and acting Chapter 7 Trustee for the bankruptcy estate of Debtor Lightning Technologies, Inc. (the "Debtor") and files this complaint in that capacity.

6. Plaintiff is authorized to commence this action pursuant to 11 U.S.C. §323 as the representative of the bankruptcy estate of the Debtor.

7. Upon information and belief, defendant Ryder Investments, LLC ("Ryder") is a California Limited Liability Company whose Manager is Gerar Jamal and whose address is 6 Rue Valbonne, Newport Beach, CA 92660.

8. Upon information and belief, defendant Gerar Jamal ("Jamal") resides at 6 Rue Valbonne, Newport Beach, CA 92660.

## General Allegations

9. Creditors of the Debtor filed an involuntary petition for relief against the Debtor under Chapter 7 of the U.S. Bankruptcy Code on February 5, 2021 (the "Petition Date"), thus commencing Bankruptcy Case No. 21-41019-tjt, Eastern District of Michigan (the "Bankruptcy Case").

10. An Order for Relief was entered in the Bankruptcy Case by this Court on February 8, 2021.

11. Lightning Technologies, LLC is the predecessor to Lightning Technologies, Inc. by merger. Both entities are referred to herein collectively as "Lightning" or "Debtor" except as indicated.

12. This lawsuit seeks to avoid payments made to or for the benefit of either of the Defendants that were made by or on behalf of the Debtor and which are actionable under 11 U.S.C. §544 and/or 548.

13. Upon information and belief, additional payments to or for the benefit of the Defendants and additional obligations of the Debtor may exist beyond those specifically identified in this complaint. The Trustee reserves the right to amend this Complaint to identify and avoid any such transfers and obligations under 11 U.S.C. §544 and/or 548.

## The 2019 Note and 2019 Transfer

14. Upon information and belief, on or around February 4, 2019, the Debtor executed a promissory note in favor of one of the Defendants or otherwise agreed to borrow the principal amount of $200,000.00 (the "2019 Note").

15. On or around February 4, 2019, one of the Defendants funded the loan represented by the 2019 Note by wire into the Debtor's checking account with Flagstar ending in #1439 (the "Debtor's Account").

16. Upon information and belief, the 2019 Note matured and was due at some point within two months after the loan was funded.

17. On March 18, 2019, the Debtor paid $220,000.00 by wire transfer into a CitiBank, NA Account ending in #5398 (the "2019 Transfer").

18. The 2019 Transfer was made by the Debtor from the Debtor's Account.

19. Upon information and belief, the 2019 Transfer was made to or for the benefit of one of the Defendants.

20. The 2019 Transfer was intended to satisfy the Debtor's purported obligations under the 2019 Note and therefore was made for one or both of the Defendants' benefit.

21. Upon information and belief, in addition to a requirement to repay the $200,000.00 of principal, a "flat fee" of $20,000.00 was required under the terms of the 2019 Note.

22. The "flat fee" called for in the 2019 Note is disguised interest.

23. With the "flat fee" recharacterized as interest, the 2019 Note exceeds the 25% annual interest rate authorized by law.

24. Upon information and belief, the 2019 Note contains a provision commonly known as a usury savings clause.

25. Upon information and belief, the 2019 Note is usurious on its face, among other reasons, rendering any usury savings clause void as a matter of public policy.

26. Because the 2019 Note exceeds the legal limit, under applicable law, the Debtor was not obligated to pay any interest at all on the 2019 Note.

27. The 2019 Transfer consisted of a principal repayment of $200,000.00 and an interest payment of $20,000.00 (the "2019 Interest Payment").

### The 2018 Note and 2018 Transfer

28. Upon information and belief, on or around June 26, 2018, the Debtor executed a promissory note in favor of one of the Defendants or otherwise agreed to borrow the principal amount of $100,000.00 (the "2018 Note").

29. On or around June 26, 2018, one of the Defendants funded the loan represented by the 2018 Note by wire into the Debtor's Account.

30. Upon information and belief, the 2018 Note matured and was due at some point within two months after the loan was funded.

31. On July 11, 2018, the Debtor paid $110,000.00 by wire transfer from the Debtor's Account (the "2018 Transfer").

32. The 2018 Transfer was made by the Debtor from the Debtor's Account.

33. Upon information and belief, the 2018 Transfer was made to one of the Defendants.

34. The 2018 Transfer was intended to satisfy the Debtor's purported obligations under the 2018 Note and therefore was made for Defendants' benefit.

35. Upon information and belief, in addition to a requirement to repay the $100,000.00 of principal, a "flat fee" of $10,000.00 was required under the terms of the 2018 Note.

36. The "flat fee" called for in the 2018 Note is disguised interest.

37. With the "flat fee" recharacterized as interest, the 2018 Note exceeds the 25% annual interest rate authorized by law.

38. Upon information and belief, the 2018 Note contains a provision commonly known as a usury savings clause.

39. Upon information and belief, the 2018 Note is usurious on its face, among other reasons, rendering any usury savings clause void as a matter of public policy.

40. Because the 2018 Note exceeds the legal limit, under applicable law, the Debtor was not obligated to pay any interest at all on the 2018 Note.

41. The 2018 Transfer consisted of a principal repayment of $100,000.00 and an interest payment of $10,000.00 (the "2018 Interest Payment").

*The 2018 Repayment*

42. Upon information and belief, on or around December 20, 2018, one of the Defendants purportedly received a payment from Comfort Prosthetics & Orthotics, Inc. on behalf of the Debtor in the amount of $120,000.00 (the "CPO Payment").

43. The Debtor has no records identifying the CPO Payment. nor does the Debtor appear to have any record of any loan or loans upon which such a payment would have been made.

44. The Trustee's only current knowledge of the CPO Payment comes from a subpoena response from Comfort Prosthetics & Orthotics, Inc. in which it indicated that it made the CPO Payment on the Debtor's behalf to "GERAR".

45. Upon information and belief, the CPO Payment was made to or for the benefit one or both of the Defendants.

*Misc. General Allegations*

46. Multiple claimants have filed claims in the Bankruptcy Case asserting claims dating to 2016 or earlier. At all times relevant to this complaint, some of these debts were not being paid by the Debtor as they became due. At least one of

these creditors has an allowable claim in this Bankruptcy Case that could have avoided the transfers and obligations identified in this Complaint.

47. The 2018 Note and 2019 Note (collectively, the "Notes"), and similar loans to them, were entered into by the Debtor because the Debtor was inadequately capitalized and not able to pay its bills as they came due. The short term loans were taken out by the Debtor in an attempt to pay those debts it deemed necessary to stay viable, but were insufficient to pay all debts as they came due.

48. At all relevant times, the debts of the Debtor exceeded the value of the Debtor's assets.

49. The Notes required the Debtor to pay more in interest than is lawful. As such, the Debtor did not receive reasonably equivalent value in exchange for entering into the Notes as the Debtor agreed to pay more than the legal limit. In addition to being a nullity under Michigan law, the Debtor's obligation to pay such interest is avoidable under 11 U.S.C. §548 and/or §544.

**COUNT I- AVOIDANCE OF INTEREST PAYMENTS PURSUANT TO 11 U.S.C. § 544 (MCL §§566.34 AND 566.35) AND RECOVERY PURSUANT TO 11 U.S.C. § 550**

50. Plaintiff incorporates each and every other paragraph of this Complaint as though fully set forth herein.

51. The 2018 Interest Payment and 2019 Interest Payment (collectively, the "Interest Payments") constitute a transfer of an interest of property of the Debtor.

8

52. The Debtor received nothing in exchange for the Interest Payments.

53. At all relevant times, the Debtor was not paying its bills as they became due, was undercapitalized, and was insolvent.

54. The Debtor had no obligation to make the Interest Payments.

55. The Debtor did not get reasonably equivalent value in exchange for the Interest Payments.

56. The Trustee may avoid the Interest Payments pursuant 11 U.S.C. § 544.

57. A creditor exists that, outside of bankruptcy, could avoid the Interest Payments pursuant to MCL §§ 566.34 and 566.35.

58. The Interest Payments are otherwise avoidable by the Plaintiff.

59. The Plaintiff is entitled to a monetary judgment against the Defendants for $30,000.00.

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of Plaintiff which: (1) if necessary, avoids the Debtor's obligation to pay interest under the Notes pursuant to 11 U.S.C. §§ 544 and/or 548, (2) avoids the Interest Payments pursuant to 11 U.S.C. § 544, (3) awards the Plaintiff a money judgment against the Defendants, jointly and severally, in the amount of $30,000.00, plus any taxed costs, pursuant to 11 U.S.C. §550, and (4) grants such other relief that Plaintiff is entitled to against the Defendants, including awarding attorney fees to the extent authorized under applicable contract, rule or law.

# COUNT II- AVOIDANCE OF 2019 INTEREST PAYMENT PURSUANT TO 11 U.S.C. § 548(a) AND RECOVERY PURSUANT TO 11 U.S.C. § 550

60. Plaintiff incorporates each and every other paragraph of this Complaint as though fully set forth herein.

61. The 2019 Interest Payment constitutes a transfer of an interest of property of the Debtor.

62. The Debtor received nothing in exchange for the 2019 Interest Payment.

63. At all relevant times, the Debtor was not paying its bills as they became due, was undercapitalized, and was insolvent.

64. The Debtor had no obligation to make the 2019 Interest Payment.

65. The Debtor did not get reasonably equivalent value in exchange for the 2019 Interest Payment.

66. The Trustee may avoid the 2019 Interest Payment pursuant 11 U.S.C. § 548

67. The 2019 Interest Payment is otherwise avoidable by the Plaintiff.

68. The value of the 2019 Interest Payment is recoverable from the Defendants pursuant to Section 550 of the Bankruptcy Code.

69. The Plaintiff is entitled to a monetary judgment against the Defendants for $20,000.00.

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of Plaintiff which: (1) if necessary, avoids the Debtor's obligation to pay interest under the 2019 Note pursuant to 11 U.S.C. §§ 544 and/or 548, (2) avoids the 2019 Interest Payment pursuant to 11 U.S.C. § 548, (3) awards the Plaintiff a money judgment against the Defendants, jointly and severely, in the amount of $20,000.00, plus any taxed costs, pursuant to 11 U.S.C. §550, and (4) grants such other relief that Plaintiff is entitled to against the Defendants, including awarding attorney fees to the extent authorized under applicable contract, rule or law.

### COUNT III - AVOIDANCE OF PARTIAL INTEREST PAYMENTS PURSUANT TO 11 U.S.C. § 544 (MCL §§566.34 AND 566.35) AND 11 U.S.C. §548(a) AND RECOVERY PURSUANT TO 11 U.S.C. § 550

*[Count III is pleaded in the alternative]*

70. Plaintiff incorporates each and every other paragraph of this Complaint as though fully set forth herein.

71. This Count is pleaded in the event the Court determines that any usury saving clauses of the Notes are valid and reduces the amount of interest due under the Notes to the maximum legal limit of 25% per annum, simple interest.

72. If interest were allowed, but capped to the legal limit pursuant to the express terms of the usury savings clauses of the Notes, the Debtor overpaid the contractually agreed upon interest due on the Notes.

73. The Trustee is entitled to avoid the Interest Payments, and recover this value from the Defendants, to the extent the Interest Payments were greater than the Debtor's contractual obligation to pay interest under the Notes (the "Overpayments").

74. The Overpayments were made by the Debtor from the Account.

75. The Overpayments were made while the Debtor was insolvent.

76. The Debtor received nothing in exchange for the Overpayments.

77. The Debtor did not receive reasonably equivalent value in exchange for the Overpayments.

78. The Overpayments, being a portion of the Interest Payments, are avoidable pursuant to 11 U.S.C. §544 and/or 548 and recoverable by the Trustee against the Defendants under §550.

79. The Overpayments equal $23,219.49 if interest were allowed on the Notes, capped to the legal limit pursuant to the express terms of the usury savings clause, and calculated in the following manner:

   a. Calculated at 25% interest, the per diem interest rate on the 2019 Note is $136.98 (25% divided by 365 times $200,000.00). The 2019 Note was outstanding for 42 days. As such, if interest were allowed, but capped to the legal limit, the Debtor would have owed $5,753.16 (42 X $136.98), yet paid $20,000.00 of interest; and

b. Calculated at 25% interest, the per diem interest rate on the 2018 Note is $68.49 (25% divided by 365 times $100,000.00). The 2018 Note was outstanding for 15 days. As such, if interest were allowed, but capped to the legal limit, the Debtor would have owed $1,027.35 (15 X $68.49), yet paid $10,000.00 of interest.

80. The Trustee is otherwise entitled to a return of the Overpayment from Defendants.

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of Plaintiff which: (1) avoids the Overpayments pursuant to 11 U.S.C. §§ 544 and/or 548, (2) awards the Plaintiff a money judgment against the Defendants in the amount of at least $23,219.49, plus any taxed costs, pursuant to 11 U.S.C. §550, and (3) grants such other relief that Plaintiff is entitled to against the Defendants, including awarding attorney fees to the extent authorized under applicable contract, rule or law.

## COUNT IV- AVOIDANCE OF CPO PAYMENT PURSUANT TO 11 U.S.C. § 544 (MCL §§566.34 AND 566.35) AND RECOVERY PURSUANT TO 11 U.S.C. § 550

81. Plaintiff incorporates each and every other paragraph of this Complaint as though fully set forth herein.

82. The CPO Payment constitutes a transfer of an interest of property of the Debtor because, although not made directly by the Debtor, upon information and belief, it was made at the request of the Debtor.

83. Because the Debtor has no record of any obligation owing to the Debtor to which the CPO Payment applied, upon information and belief, the Debtor received nothing in exchange for the CPO Payment.

84. At all relevant times, the Debtor was not paying its bills as they became due, was undercapitalized, and was insolvent.

85. The Debtor did not get reasonably equivalent value in exchange for the CPO Payment.

86. The Trustee may avoid the CPO Payment pursuant 11 U.S.C. § 544.

87. A creditor exists that, outside of bankruptcy, could avoid the CPO Payment pursuant to MCL §§ 566.34 and 566.35.

88. In the event the Debtor did have an obligation to make the CPO Payment, such obligation is avoidable because, based on a lack of any records of the Debtor establishing any value and upon information and belief, the Debtor received nothing in exchange for incurring such obligation, while the Debtor was undercapitalized and insolvents, rendering such obligation avoidable under 11 U.S.C. §544.

89. The CPO Payment is otherwise avoidable by the Plaintiff.

90. The Plaintiff is entitled to a monetary judgment against the Defendants for $120,000.00.

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of Plaintiff which: (1) if necessary, avoids the Debtor's obligation to pay the CPO Payment pursuant to 11 U.S.C. §§ 544, (2) avoids the CPO Payment pursuant to 11 U.S.C. § 544, (3) awards the Plaintiff a money judgment against the Defendants, jointly and severally, in the amount of $120,000.00, plus any taxed costs, pursuant to 11 U.S.C. §550, and (4) grants such other relief that Plaintiff is entitled to against the Defendants, including awarding attorney fees to the extent authorized under applicable contract, rule or law.

**COUNT V- AVOIDANCE OF PORTIONS OF THE CPO PAYMENT, OR PORTIONS THEREOF, PURSUANT TO 11 U.S.C. § 548(a) AND RECOVERY PURSUANT TO 11 U.S.C. § 544 (MCL §§566.34 AND 566.35) AND RECOVERY PURSUANT TO 11 U.S.C. § 550**

*[Pleaded in the alternative to Count IV]*

91. Plaintiff incorporates each and every other paragraph of this Complaint as though fully set forth herein.

92. This Count, and all allegations contained herein, is pleaded in the event the CPO Payment was made in satisfaction of a loan made by either of the Defendants that called for unlawfully usurious interest and the Debtor in fact paid unlawfully usurious interest.

93. The Trustee seeks the avoidance of any portion of the CPO Payment not allocated to principal reduction based on the same theories of recovery outlined in Counts I or III.

94. In such a situation, the interest portion of the CPO Payment constitutes a transfer of an interest of property of the Debtor.

95. At all relevant times, the Debtor was not paying its bills as they became due, was undercapitalized, and was insolvent.

96. The Debtor did not get reasonably equivalent value in exchange for the interest portion of the CPO Payment.

97. The Trustee may avoid the interest portion of the CPO Payment pursuant 11 U.S.C. § 544.

98. A creditor exists that, outside of bankruptcy, could avoid the interest portion of the CPO Payment pursuant to MCL §§ 566.34 and 566.35.

99. The interest portion of the CPO Payment is otherwise avoidable by the Plaintiff.

100. The Plaintiff is entitled to a monetary judgment against the Defendants for the interest portion of the CPO Payment.

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of Plaintiff which: (1) if necessary, avoids the Debtor's obligation to pay the interest portion of the CPO Payment pursuant to 11 U.S.C. §§ 544, (2) avoids the interest

portion of the CPO Payment pursuant to 11 U.S.C. § 544, (3) awards the Plaintiff a money judgment against the Defendants, jointly and severally, in the amount to be determined by the Court, plus any taxed costs, pursuant to 11 U.S.C. §550, and (4) grants such other relief that Plaintiff is entitled to against the Defendants, including awarding attorney fees to the extent authorized under applicable contract, rule or law.

THE TAUNT LAW FIRM

By: /s/ Dean R. Nelson, Jr.
Dean R. Nelson, Jr. (P70818)
Erika D. Hart (P67457)
Matthew L. Boyd (P73012)
Attorney for Trustee/Plaintiff
700 East Maple Road, Second Floor
Birmingham, MI 48009

Dated: February 3, 2023
(248) 644-7800
dnelson@tauntlaw.com
ehart@tauntlaw.com
mboyd@tauntlaw.com

17